IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DEBANNETTE RYAN                                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 2:04CV308-B-B

WAL-MART STORES, INC.                                                              DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Debannette Ryan, brings this premises liability action against the defendant, Wal-Mart Stores, Inc., and asserts the existence of jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiff alleges that she suffered injuries when, as a result of the defendant's negligence, she slipped and fell in the defendant's store.

On June 4, 2002, the plaintiff was shopping at the Wal-Mart Supercenter in Southaven, Mississippi. The plaintiff selected items for purchase and entered a checkout lane behind a couple with two or three shopping carts full of groceries. The plaintiff testified that she was in line directly behind the couple for twenty to thirty minutes. After the couple completed their transaction and left the checkout lane, the plaintiff went to the end of the lane to bag her groceries. She slipped and fell on a brown, gooey, syrupy substance as she approached the end of the lane. The register tape of the couple's transaction prior to the plaintiff's transaction reveals that the couple purchased chocolate syrup.

The plaintiff never saw a substance on the floor and does not know how long the substance had been on the floor at the time of her fall. The plaintiff does not know what caused the spill but assumes that the syrup came from the couple's shopping cart. She admittedly has no personal knowledge to this effect, however.

George Hines, Jr., a customer in an adjacent checkout lane at the time of the plaintiff's fall, testified that a shopping cart containing a whole chicken sat at the end of his checkout lane. According to Hines, chicken blood had leaked out onto the floor from the shopping cart. Hines, who is an employee at another Wal-Mart store, placed a shopping cart over the spill and asked the cashier to call a "Code 30," meaning that a spill needed to be cleaned up. The cashier immediately called the Code 30. Within moments, however, the plaintiff, who was in the checkout lane adjacent to the lane allegedly containing the chicken blood spill, slipped and fell.

The plaintiff filed this case on October 27, 2004, alleging that the defendant's negligence caused her to suffer damages. The defendant subsequently filed its motion for summary judgment.

<u>Standard of Review</u>

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant is successful in doing so, the burden then shifts to the non-movant to "go beyond the pleadings and by . . .

affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)).  Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

Jurisdiction in this case is based upon diversity of citizenship; thus, the substantive law of Mississippi must be applied.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).  In Mississippi, a business owner owes to a business invitee a duty to exercise reasonable care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner knew or should have known existed.  *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986).  The owner, however, is not an insurer against all injuries.  *Drennan v. The Kroger Co.*, 672 So. 2d 1168, 1170 (Miss. 1996).  Mississippi law provides three theories upon which a plaintiff's premises liability claim can be based:  (1) that the defendant's own negligence created a dangerous condition which caused the plaintiff's injury; (2) that the defendant had actual knowledge of a dangerous condition but failed to adequately warn the plaintiff of the danger; or (3) that the defendant should have known of the dangerous condition if he had acted reasonably because the condition existed for a sufficient period of time to impute constructive knowledge to him.  *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995) (citing *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)).

3

The plaintiff in the present case does not argue that the defendant's own negligence created the condition which caused her injury. Instead, she proceeds under the second and third theories outlined above. The plaintiff asserts that employees of the defendant both knew and should have known of the syrupy substance at issue and failed to warn her and that evidence exists to this effect thereby creating a question to be resolved by the trier of fact.

The court first addresses the question of actual notice. In addressing the theory that she slipped in chocolate syrup from the couple's shopping cart, the plaintiff testified at her deposition that she did not know whether any Wal-Mart employee had knowledge of the spill prior to her fall. She does, however, assert that Hines' testimony regarding the chicken blood theory presents evidence of actual notice. Taking Hines' testimony as true for the purposes of summary judgment, the court finds that Hines did notify a Wal-Mart employee of the spill. The employee immediately reported the spill and called for its cleanup; however, the plaintiff slipped and fell before the spill was removed. It is uncontested that only moments passed between Hines' informing the employee of the spill and the plaintiff's fall. These facts preclude recovery under an actual knowledge theory in Mississippi.

In *J.C. Penney v. Sumrall*, 318 So. 2d 829 (Miss. 1975), the plaintiff slipped and fell in the foyer of a J.C. Penney store, and the jury returned a verdict in favor of the plaintiff. The defendant appealed, and the Mississippi Supreme Court reversed and rendered judgment in favor of the defendant. *Sumrall*, 318 So. 2d at 832. The evidence revealed that a customer had gotten sick and vomited in the foyer of the store. *Id.* at 830. A store employee was about fifteen feet from the foyer and witnessed the event. *Id.* at 832. Rather than cleaning the vomit immediately or warning other customers of the vomit, the employee went to a telephone and called for the

4

janitor to come clean up the vomit. *Id.* at 830. The plaintiff entered the store, slipped, and fell in the vomit as the employee was hanging up the telephone. *Id.* The plaintiff argued that the defendant was negligent in failing to immediately clean up the vomit and warn customers. *Id.* at 831. The plaintiff in the present case makes the same argument, but this court is unpersuaded, as was the court in *Sumrall*. The *Sumrall* court noted that the defendant was not an insurer of the safety of its business invitees and that the defendant's duty was to "eradicate the known dangerous situation *within a reasonable time* or to exercise reasonable diligence in warning those who were likely to be injured because of the danger." *Id.* at 832. (Emphasis added). Under the facts, the court found that the defendant had acted with reasonable diligence when its employee telephoned the janitor rather than immediately cleaning the vomit or warning others himself.

An analogous situation is presented in the case at bar. As mentioned above, it is undisputed that only moments elapsed between the time Hines informed the employee of the spill and the plaintiff's fall. The plaintiff argues that the employee should have immediately cleaned the spill and was in violation of company policy for not doing so and that Wal-Mart is liable for her injuries because of the manner in which the employee handled the situation. The court must reject this argument, however, because Mississippi law does not require the employee to act differently than he or she did. As the court stated in *Sumrall*, though issues of fact are for a jury, "there must be some evidence of negligence given a jury before it can determine that a defendant is guilty of negligence." *Id.* at 832.

The court now turns to the issue of constructive notice. The question of whether a defendant had constructive notice of a dangerous condition is answered by evidence that the condition existed for such a length of time that the defendant exercising reasonable care should

5

have known of the condition. *Waller*, 492 So. 2d at 285. "To establish a negligence claim in a slip and fall case, proof that the liquid's presence on the floor for a sufficient amount of time to give reasonable notice to the proprietor is required." *Id.* at 286 (citing *Douglas v. Great Atlantic & Pacific Tea Co.*, 405 So. 2d 107, 111 (Miss. 1981)). In *Waller*, evidence showed that the store aisle in which the customer fell had been inspected at 10:00 a.m. *Id.* The plaintiff fell at 12:30 p.m. *Id.* The Mississippi Supreme Court held that proof of a two and a half hour time lapse was insufficient to prove how long the liquid had been in the aisle. *Id.* The court held likewise in a similar case, *Aultman v. Delchamps*, 202 So. 2d 922 (Miss. 1967). In *Aultman*, the plaintiff attempted to rely on the presumption that the store had opened at 8:00 a.m. and that the object she slipped on at 9:30 a.m. had been on the floor for one and a half hours. *Aultman*, 202 So. 2d at 924. The court stated:

> It does not follow that because the store opened at eight o'clock that at precisely that time some person threw the dark object on the floor. It is just [as] [sic] logical to assume that the object was thrown there two or three minutes before she stepped on it, and such a presumption is not sufficient to sustain a recovery on the theory that the object had been placed there and remained there for a sufficient length of time so that the appellee by the exercise of reasonable care should have known of the dangerous condition and removed the object from the floor.

*Id.* Clearly, "[t]o avoid summary judgment, the plaintiff must show how long the unknown substance had been on the floor." *Barnette v. Wal-Mart Stores, Inc.*, 2:00CV55-D-B, 2001 WL 1524406, at *3 (N.D. Miss. Jan 10, 2001). Mississippi courts have consistently held that presumptions as to this time frame are not sufficient and that proof is required. *Id. See also Dickens v. Wal-Mart Stores, Inc.*, 841 F. Supp. 768, 771 (S.D. Miss. 1994) (stating that "[t]he courts will not indulge in presumptions on the length of time an unsafe condition may have existed; rather, a plaintiff must present specific proof on this point."); *Douglas*, 405 So. 2d at 108

6

(holding that speculation and conjecture are insufficient in determining the length of time an object has remained on the floor prior to the plaintiff's fall).

In the case at bar, the plaintiff attempts the same method of proving constructive notice that has been rejected by Mississippi state and federal courts in the cases cited above. The plaintiff assumes that the spill may have leaked from the couple's shopping cart at some point. However, she admittedly has no personal knowledge that the substance actually did leak; nor does she have personal knowledge of how long the spill had been on the floor. Instead, she asks the court to presume that the substance did leak from the couple's shopping cart and that it could have been on the floor for at least thirty-five minutes plus the time the plaintiff spent checking out after the transaction ahead of her.[1]  As discussed above, this presumption is not allowed under Mississippi law.

The court also rejects the plaintiff's argument that "buggy tracks" around the spill create an issue of fact. The plaintiff asserts that Hines' wife, Patricia Cummings, who was with Hines in the checkout lane adjacent to the plaintiff, recalls seeing buggy tracks that she believes possibly came from the substance in which the plaintiff fell. A closer inspection of Cummings testimony, however, reveals the inaccuracy of this statement. While Cummings did recall seeing

---

[1] The plaintiff arrives at this figure through the following reasoning:

> According to the register tape, [the] transaction that occurred in front of the Plaintiff took 40 minutes. During this transaction, 170 items were bagged. The cashiers at the Wal-Mart in question scan an average of 550 items per hour. Therefore, a cashier employed by the Defendant, on average, scans nine items a minute. As such, 107 [sic] items would only take between 16 and 17 minutes. The chocolate syrup on which the Plaintiff slipped was number 44 out of 170 bagged. Therefore, the chocolate syrup was bagged during the first 5 minutes of the transaction. From this computation, the leaky chocolate syrup bottle sat in the cart – bagged – for approximately 35 minutes. This figure does not even take into account the time the Plaintiff spent checking out after the transaction ahead of her was completed prior to the fall.

buggy tracks, she did not see the spill which allegedly caused the plaintiff's fall, and she did not know whether the tracks were from the spill. When asked if she had any idea whether the tracks were from the spill, Cummings answered, "No, I don't."

To establish an issue of fact with regard to whether the defendant had constructive knowledge of the dangerous condition, evidence may be submitted that the spill at issue was either dirty or had cart tracks or shoe prints through it. *See, e.g.*, *Ducksworth v. Wal-Mart Stores, Inc.*, 832 So. 2d 1260, 1262 (Miss. App. 2002) (finding that evidence which showed the spill at issue to be dirty and have shoe prints and cart tracks through it was sufficient to create an issue of fact as to whether the defendant had constructive knowledge of the spill). Such evidence could indicate that the spill had existed for a reasonable period of time to impute constructive knowledge to the defendant. Because reasonable minds could differ on the inferences resulting from such evidence, a genuine issue of material fact would exist.

In the present case, examining the evidence in the light most favorable to the plaintiff, the court finds that the plaintiff is unable to produce the type of evidence that created a triable issue of fact in *Ducksworth*. The plaintiff in *Ducksworth* offered a photograph of the actual spill at issue which showed that the spill was dirty and that it had shoe prints and cart tracks through it. *Id.* The only evidence the plaintiff in the case at bar has presented as to whether there were cart tracks through the syrup is her own testimony that she did not see any tracks or debris, Cummings' testimony that she saw cart tracks but did not know whether they ran through the spill, and Hines' testimony that he saw cart tracks through the chicken blood. As mentioned above, Cummings never saw the spill. Any argument that the cart tracks witnessed by Cummings could have come from a syrup spill which Cummings never saw is purely speculative

8

and insufficient to establish a triable issue of fact. Hines' testimony is irrelevant as to whether tracks ran through the syrup because Hines never saw any syrup. Hines refers to buggy tracks running through the chicken blood, but the record reveals that he made these tracks. The tracks, therefore, are not probative as to whether the chicken blood had remained on the floor for a period of time sufficient to impute constructive knowledge to the defendant.

Finally, the court finds no question of fact as to whether the plaintiff fell in syrup or chicken blood. Assuming arguendo that the plaintiff fell in chicken blood, the defendant is not liable under Mississippi law because it exercised reasonable care after receiving actual notice of the spill. Hines stated that he did not know how long the chicken blood had been on the floor, and the cart tracks he witnessed were made by himself. No evidence has been presented to show that the defendant had constructive knowledge of the alleged chicken blood spill. Regarding the alleged syrup spill, as addressed above, the plaintiff has offered no proof as to the length of time the spill was on the floor and has failed to demonstrate that Wal-Mart had constructive notice of the dangerous condition prior to her accident. The "syrup theory" therefore fails along with the "chicken blood theory."

<u>Conclusion</u>

For the foregoing reasons, the court finds that no genuine issue of material fact exists, and the defendant is entitled to judgment as a matter of law as to all claims. A separate order in accord with this opinion shall issue this day.

This, the 30th day of December, 2005.

    <u>/s/ *Neal Biggers*</u>
    **NEAL B. BIGGERS, JR.**
    **SENIOR U.S. DISTRICT JUDGE**